NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ROBERT L. HAYES, JR., | : | |
| | : | Civil Action No. 13-4636(AET) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BARACK H. OBAMA, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

Robert L. Hayes, Jr.
Middlesex County Adult Correction Center
P.O. Box 266
New Brunswick, NJ  08903
    Plaintiff pro se

**THOMPSON,** District Judge

    Plaintiff Robert L. Hayes, Jr., a prisoner confined at Middlesex County Adult Correction Center in New Brunswick, New Jersey, seeks to bring this action in forma pauperis pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), alleging violations of his constitutional rights.[1]

---

[1] Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and will order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff asserts that President Barack H. Obama has violated his constitutional rights "by allowing the Governor of New Jersey and the Old Bridge police station in Old Bridge, New Jersey to violate [his] rights with [an] illegal tactic law called the inevitable discovery doctrine."  (Complaint, ¶ 4.b.)  By way of further explanation, Plaintiff alleges that, on April 8, 2010, officers of the Old Bridge police department conducted a search of Plaintiff and his home without a warrant and took Plaintiff's cell phone, clothes, and other property.  Plaintiff alleges that the officers conducted this allegedly illegal search and seizure because they anticipated being able to use the "inevitable discovery" doctrine to use the evidence against him in a criminal proceeding, despite its having been obtained illegally.

Plaintiff seeks monetary damages in the amount of

$500,000,000.00.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. §§ 1915 and 1915A because Plaintiff is proceeding in forma pauperis against a governmental officer.

According to the Supreme Court's decision in Ashcroft v. Iqbal, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim,[2] the complaint must

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the

3

allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting Iqbal, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)), cited in Credico v. Milligan, No. 13-3629, 2013 WL 6167878, *2 (3d Cir. Nov. 22, 2013). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

---

same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

4

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)), cited in Thomaston v. Meyer, No. 12-4563, 2013 WL 2420891, *2 n.1 (3d Cir. June 5, 2013); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III. Bivens v. Six Unknown Agents

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages. Plaintiff's claim, here, is similarly based upon an alleged violation of the Fourth Amendment proscription against unreasonable searches and seizures.

### IV. ANALYSIS

It has long been the rule in American criminal jurisprudence that evidence obtained illegally, or which is the tainted "fruit" of illegal government conduct, must be excluded from use by the government in a criminal trial. See, e.g.,

5

United States v. Wade, 388 U.S. 218 (1967); Wong Sun v. United States, 371 U.S. 471 (1963); Mapp v. Ohio, 367 U.S. 643 (1961); Silverthorne Lumber Co. v. United States, 251 U.S. 385 (1920); Weeks v. United States, 232 U.S. 383 (1914). The "core rationale" for the exclusion of such illegally-obtained evidence is "that this admittedly drastic and socially costly course is needed to deter police from violations of constitutional and statutory protections." Nix v. Williams, 467 U.S. 431, 442-43 (1984).

In Nix v. Williams, however, the Supreme Court adopted an "inevitable discovery" exception to the exclusionary rule.

> If the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means -- ...then the deterrence rationale has so little basis that the evidence should be received. Anything less would reject logic, experience, and common sense.

467 U.S. at 444 (footnote omitted).

Plaintiff's suggestion here that the President of the United States is liable to him for an allegedly unlawful search and seizure by local police officers, on the theory that the judicially-created "inevitable discovery" exception to the exclusionary rule induced the police to violate Plaintiff's rights, is utterly devoid of any factual or legal basis. This Court will dismiss the Complaint with prejudice as frivolous.[3]

---

[3] In the alternative, the Court notes that the alleged violation

6

V. CONCLUSION

For the reasons set forth above, the Complaint will be dismissed with prejudice as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). It is not conceivable that Plaintiff could cure the defects in this Complaint by amendment.

An appropriate order follows.


                                        */s/ Anne E. Thompson*
                                        Anne E. Thompson
                                        United States District Judge

Dated:  1/24/14

---

of Plaintiff's rights occurred on April 8, 2010, more than two years before he signed his Complaint on July 29, 2013. Accordingly, the Complaint is time-barred and is dismissible, on that basis, for failure to state a claim. See, e.g., Jones v. Bock, 549 U.S. 199, 214-15 (2007) (permitting dismissal, for failure to state a claim, where the allegations of a complaint reflect a time-bar); Peguero v. Meyer, 520 F.App'x 58, 60 (3d Cir. 2013) (stating that New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Bivens-type claims). See also Hayes v. Miller, Civil No. 13-0604, 2013 WL 5674323 (D.N.J. Oct. 15, 2013) (dismissing as time-barred other claims asserted by Plaintiff and arising out of the April 8, 2010, search); Hayes v. Morris, Civil No. 13-0608, 2013 WL 4046022 (D.N.J. Aug. 8, 2013) (same).